IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES ANTHONY BARNETT, JR., )
)
      Plaintiff, )
)
      v. )      1:19CV303
)
DR. CONNIE LOCKLEAR-JONES, )
)
      Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff affirmatively states in the Complaint that he did not fully exhaust available administrative remedies because he believes it would take too long. Exhaustion is required before Plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001). The failure to exhaust is clear from the face of the Complaint. See Custis v. Davis, 851 F.3d 358, 361-62 (4th Cir. 2017); Anderson v. XYZ Correctional Health Servs., 407 F.3d 674, 681-82 (4th Cir. 2005).

2. It is not clear that Plaintiff states a viable claim for relief at this point. He alleges that he was conducting a hunger strike and that Defendant did not treat the effects of the hunger strike according to his wishes. However, Plaintiff cannot choose his course of treatment. To state a claim based on improper medical treatment under § 1983, a plaintiff must allege that the defendants were deliberately indifferent to a serious medical need. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). A plaintiff's mere disagreement with the course of treatment does

not support a claim under § 1983. Jackson v. Sampson, 536 F. App'x. 356, at *1 (4th Cir. July 30, 2013) (unpublished), citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975); United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 1st day of April, 2019.

_____
Joe L. Webster
United States Magistrate Judge